```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

SHARP REALTY AND MANAGEMENT,   }
LLC, et al.                    }
                               }
    Plaintiffs,                }    CIVIL ACTION NO.
                               }
v.                             }    CV-10-AR-3180-S
                               }
CAPITOL SPECIALTY INSURANCE    }
CORPORATION, et al.,           }
                               }
    Defendants.                }
                               }
                               }

**MEMORANDUM OPINION AND ORDER**

Before the court are the motion of defendant, Capitol Specialty Insurance Corporation[1] ("Capitol Specialty"), for a protective order and its objections to plaintiff's third deposition notice. (Doc. 30.) Plaintiff, Sharp Realty and Management, LLC ("Sharp Realty"), seeks information and documents from Capitol Specialty for use in the deposition of a representative of Capitol Specialty scheduled for June 7, 2011. For the reasons that follow, the motion and objections will be granted in part and denied in part.

**FACTS AND PROCEDURAL HISTORY**

---

[1] One of the defendants, originally named as Specialty Global Insurance Services, LLC, is a non-entity. It is represented to be an operating division of Capitol Insurance Companies. The exact relationships between the named parties and Capitol Insurance Companies is as yet undetermined.

1

This action was removed from the Circuit Court of Jefferson County, Alabama, to this court on November 19, 2010. Its purpose is to find out if Sharp Realty is entitled to a defense and indemnity from any or all defendants in an underlying case, *Shades Parkway v. Sharp Realty*, CV-2009-902158, pending in the Circuit Court of Jefferson County, Alabama.

Sharp Realty seeks the following relief: 1) specific performance; 2) damages for breach of contract; 3) damages for bad faith (negligent failure to investigate); 4) damages for bad faith (intentional refusal to afford coverage); 5) damages for fraud for defendants' failure to provide insurance coverage to Sharp Realty in the underlying action, in which Sharp Realty is a counter-defendant; and 6) its costs of defense in the underlying action. In the underlying action, Shades Parkway seeks compensatory damages from Sharp Realty in excess of one million dollars, as well as punitive damages.

Defendant, Allied World Assurance Company ("Allied World"), answered the second amended complaint on May 23, 2011. (Doc. 44.) Allied World's answer and counterclaim do not affect the discovery dispute here addressed. The court promised an expedited consideration of the discovery dispute because of the looming deposition.

## DISCUSSION

Neither the Supreme Court of the United States, nor the

Eleventh Circuit has provided clear answers to the discovery disputes presented here. This case may provide that opportunity for one or both of the said courts.

Discovery is governed by Rules 33 and 26 of the Federal Rules of Civil Procedure. Rule 33 governs interrogatories, and incorporates the scope definition set forth in Rule 26(b). Rule 26(b)(1) provides a broad scope for discoverable information. Rule 26(c)(1) governs protective orders and allows the court to forbid the disclosure or discovery of specific items, prescribe other discovery methods, and alter discovery in any other way it deems appropriate. F.R.Civ.P. 26(c)(1)(A-H).

This court finds that some of Sharp Realty's requests should be granted, while others are objectionable and thus, should be protected. Each disputed request will be evaluated separately.

**Request No. 5**

> All correspondence concerning any complaints filed with any insurance commissioner or other regulatory boards concerning complaints made against Specialty Global and a copy of all suits, claims or complaints filed with Capitol Specialty Insurance Corp. or Insurance Commissioner in the past 10 years.

Sharp Realty claims that it needs this information to determine if there is evidence of a "pattern or practice." Because Capitol Specialty, which is licensed only in Alabama, writes surplus lines in all 50 states, it appears that this information may be relevant to get a fair sampling of Capitol Specialty's practices. Because this action is centered on a disputed Errors &

Omissions ("E&O") policy, the court will limit this request to E&O claims within the past 5 years.

**Request Nos. 6 & 7**

Sharp Realty understandably has not addressed Capitol Specialty's objections to requests 6 & 7. (Doc. 33.) The court will assume that Sharp Realty has waived these requests. Should the court be wrong in this assumption, the disputed requests should be adequately answered through other responses.

**Request No. 9**

> A copy of all loss ratios including E&O loss ratios for the past 10 years for E&O policies and other policies written by said two entities.

Capitol Specialty says that all required financial disclosures have been filed with the State of Alabama Department of Insurance and are therefore available to Sharp Realty. Theoretically, if this information is among those "required financial disclosures," Sharp Realty can get the documents on its own, but only by an exercise of serious diligence, especially when different names are used by the insurer. Sharp Realty says it needs this information because it can indicate claims policies and the company's motivation to qualify, or fail to qualify, with the individual states in which it does business. The burden on Capitol Specialty to produce this would be substantially less than the burden on Sharp Realty, particularly with June 7, 2011 fast approaching. This request will be granted, but is limited to E&O loss ratios during the last 5 years.

4

**Request No. 11**

>The name of the actuary and a copy of his actuarial table concerning the issuance of E&O policy issued to Sharp Realty & Management, LLC.

Capitol Specialty argues that this request is overly broad and will require production of proprietary information and business secrets, the disclosure of which could compromise its competitive position in the market place. Based on the statements made in open court on May 20, 2011, recently added defendant, Allied World, uses the same underwriter as Capitol Specialty. Sharp Realty argues that this information is relevant to its bad faith claims and to the loss ratio report, potentially leading to evidence that Capitol Specialty does not pay legitimate claims. Sharp Realty further points out that this information may reveal whether this policy is a standard E&O policy. This request is reasonable and the objection will be overruled.

**Request No. 12**

>A copy of all financial and policy information that have [sic] been supplied to the Commissioner of Insurance of the state which has authorized Capitol Specialty to issue an E&O policy concerning every submission that has been made to the state commissioner that resulted in the approval of Capitol Specialty to write E&O insurance.

Capitol Specialty argues that this information is public and readily available to Sharp Realty. Because of the time constraints and this court's knowledge of the difficulties Sharp Realty will no doubt encounter in any efforts to obtain this information from the Alabama Insurance Department, this request will be allowed.

**Request No. 13**

>   All records concerning the loss ratio for said policy for
>   the past 10 years.

Capitol Specialty argues that this request is overly broad and will require production of proprietary information and business secrets, the disclosure of which may compromise its competitive position in the market place. Sharp Realty responds that it only seeks the loss ratios for 10 years. Like request no. 9, this request will be granted, but is limited to E&O loss ratios during the past 5 years.

**Request No. 14**

>   A copy of the Balance Sheets of Capitol Specialty
>   Insurance Corp. for 2009 and 5 years prior thereto.

Capitol Specialty argues that, under Alabama law, Sharp Realty is not entitled to discover the particulars of Capitol Specialty's finances before the entry of a final judgment in Sharp Realty's favor and the expiration of the appeal time. Sharp Realty argues that this discovery is necessary to test the claims paying record, as opposed to any question of solvency or ability to pay. This information is not crucial at this stage and will be protected, subject to reconsideration.

**Request No. 17**

>   A list of all publications, journals, treatises, books,
>   articles, periodicals, and/or insurance services in the
>   possession of the defendant concerning insurance.

Capitol Specialty claims this is overly broad and that under Alabama law, a defendant is not required to create a "list" for litigation purposes. Capitol Specialty agrees to allow its witnesses at deposition to testify as to any such documents or publications which they have reviewed. Sharp Realty argues that this information will evidence whether there was constructive notice of a type that would bind Capitol Specialty.

Capitol Specialty is correct that it is not required to create a list. Such would be privileged under the work-product doctrine. Also, because the witnesses will testify as to what materials have been reviewed, Sharp Realty will likely obtain the information it is seeking at deposition. The objection to this request will be granted except to the extent deponents will be obligated to acknowledge having been exposed to such items.

**Request No. 20**

> A list of earnings on the investment portfolio of Capitol Specialty Insurance Corp. and Specialty Global Insurance Services for the past 10 years.

Capitol Specialty repeats its objection to request no. 14, saying that Sharp Realty is not entitled to its financial records. Sharp Realty argues that earnings on investments would reflect on the loss ratio, and that some companies have made a profit with a payout of 110%. The information sought by Sharp Realty can reasonably be deduced from the other information that Sharp Realty is allowed to access. This information is protected for the time

being.

**Request No. 28**

> The entire claim file of any E&O claim that was denied for any reason by Capitol Specialty Insurance Corporation and Specialty Global Insurance Services in the past 5 years.

Capitol Specialty objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the contrary, Sharp Realty's request is reasonable. Capitol Specialty must provide the requested information.

**Additional Request**

Sharp Realty, in its supporting brief (Doc. 39 at 5), amended its Notice of Deposition to include the following request:

> All records, contracts, agreements, invoices, memos showing a relationship between Capitol Specialty and Allied World.

Capitol Specialty has not addressed this amendment in its supporting memorandum (Doc. 40). The request will be granted as unopposed.

## CONCLUSION

Consistent with this opinion, Capitol Specialty's motion for a protective order and its objections to plaintiff's deposition notice requests are hereby **GRANTED** in part and **DENIED** in part. Capitol Specialty is hereby **ORDERED** to provide the discovery responses as altered, *supra*, before the deposition scheduled for

June 7, 2011. Allied World shall participate in the deposition on June 7, 2011, but is not required to produce any documents, unless by agreement, in order to expedite a resolution of the controversies.

DONE this 24th day of May, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE